**IN THE COURT OF APPEALS OF IOWA**

No. 15-1852
Filed December 23, 2015

**IN THE INTEREST OF J.L.,**
    **Minor Child,**

**J.L., Father**
    Appellant,

**M.J., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to one child. **AFFIRMED ON BOTH APPEALS.**

Jeannine L. Roberts, Cedar Rapids, for appellant-father

Jessica L. Wiebrand, Cedar Rapids, for appellant-mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Kathryn K. Lang, Assistant Attorneys General, for appellee.

Julie G. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the termination of their parental rights to the child, J.L. The mother and father individually claim there is not clear and convincing evidence to support the termination of their parental rights, the State did not make reasonable efforts in assisting the parents to work toward reunification with their child, termination is not in the child's best interest, and termination is improper due to the close parent-child relationship. We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights and father's parental rights; we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

### A.      Grounds for Termination

The juvenile court terminated the mother's and father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015). Termination is appropriate under section 232.116(1)(h) where the State proves the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(h). The mother and father[1] do not dispute the first three elements have been proved. They argue the State failed to prove by clear and convincing evidence that the child cannot be returned to their respective care. On this point, the juvenile court reasoned:

> [J.L.] cannot be returned to a parent today because of the parents continued drug use. [The father] and [the mother] have not been able to demonstrate a commitment to sobriety and they continue to relapse. The many years of substance abuse has affected their mental health as well. They continue to test positive for substances that they are not prescribed. The parents have not been able to progress past fully supervised interactions. [The father] and [the mother] have not established a pattern of sobriety and struggle to meet their mental health needs consistently. They rely heavily on formal supports to access services and to actively participate in the case plan. Although they have participated in supervised visitation and services, it has not resulted in a strong parent-child bond. There are ongoing concerns that one or both parents are high 50 percent of the time at visits. [J.L.] is too young to self-protect when the parents are unable to adequately supervise her and meet her needs. The parents appear to lack insight as to how their lifestyle and life choices affect their infant daughter as well as appropriate insight as to her ongoing care needs. For these reasons, the court finds there is clear and convincing evidence that [J.L.] cannot be returned to the care of either of her parents at this time or in the foreseeable future.

---

[1] Without a clear statement of the issue or citation, the father lists several factual findings he claims the court made in error. He does not demonstrate how these findings resulted in prejudice or impacted the "clear and convincing" nature of the evidence. "We will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996); Iowa R. Civ. P. 6.1401-Form 5 ("The issue statement should be concise in nature setting forth specific legal questions. General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable. Include supporting legal authority for each issue raised, including authority contrary to appellant's case, if known.")

We agree with the juvenile court there is clear and convincing evidence the child could not be returned to either of her parents' care at the time of the termination hearing due to the parents' continued struggles with substance abuse.

### B.    Reasonable Efforts

Both parents claim the juvenile court should have granted them an additional six months to work toward reunification with their child.[2]  Iowa Code section 232.102(5)(b) requires the State to make reasonable efforts to preserve the family before removing the child from the home.  After removal, the State must make reasonable efforts to reunify the family as quickly as possible. Iowa Code § 232.102(7).  In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family."  *Id.* § 232.102(10)(a)(1).

The reasonable efforts requirement is not viewed as a strict substantive requirement of termination.  *In Re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

---

[2] The father notes the DHS worker assigned to this case testified she would not return J.L. to his parents' care until they demonstrated nine months of sobriety.  Therefore, there could be no reasonable efforts if DHS did not believe the child could be returned home within six months of removal.  The DHS worker went on to state:

> [J.L.] is almost nine months old and it has taken a great deal to get the parents where they're at today.  I feel like, you know, [J.L.] would be getting closer to two.  I believe she needs some permanency, some stability, and not have to wait for her parents to become sober and hope that they become sober in order to parent her. . . .  I believe a termination of parental rights would be the goal and adoption so she can have a parent's care.

Without citation by the father demonstrating how the DHS worker's statement impacted "reasonable efforts," we find the DHS worker's statement merely provides further support for not granting the parents an additional six months to work toward reunification. *Hyler*, 548 N.W.2d at 876 ("We will not speculate on the arguments [appellant] might have made . . .").

Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts. *Id.* The State must show it made reasonable efforts as part of its proof the child cannot be safely returned to the parents' care. *Id.* While the State has an obligation to make reasonable efforts, it is the parents' responsibility to demand services if they are not offered. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App.1997). A parent's challenge to the sufficiency of the services offered should be made at the time the services are offered. *In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993).

Upon our review of the record, we find neither parent requested additional services from the Department of Human Services (DHS) or requested an additional six months to work toward reunification. Therefore, error has not been preserved on this issue. *State ex rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 20–21 (Iowa 2013) ("Our error preservation rules provide that error is preserved for appellate review when a party raises an issue and the district court rules on it."); *In re A.B.,* 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases."). Even if the mother or father had preserved this issue, the record is replete with instances where the DHS provided the father and mother with services they did not take advantage of. A parent does not have an unlimited amount of time to correct his or her deficiencies. *H.L.B.R.*, 567 N.W.2d at 677. As noted above, the parents have struggled with substance abuse since their teenage years—six additional months would not materially change the parents' deficiencies.

**C.    Best Interests and the Parent-Child Bond**

Both parents claim termination is not in the best interests of J.L., and the closeness of the parent-child bond makes termination improper.  *See* Iowa Code § 232.116(2) & (3).  In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child."  *See* Iowa Code § 232.116(2); *P.L.,* 778 N.W.2d at 37.  On these issues, the juvenile court reasoned:

> The parents have been addicted to drugs for years.  They continue to relapse at the cost of six, and now seven, children.  [J.L.] was born positive for so many drugs she needed to be placed on methadone to manage her withdrawal symptoms and has only recently been fully weaned off of that.  Her parents have not developed a strong bond with her nor she with them.  For these reasons, the court finds that it is in this child's best interest to the terminate parent-child relationship.

We agree with the juvenile court, neither parent had such a strong bond such that termination should be denied.  Moreover, to allow J.L. to enjoy stability and permanency, after the upheaval caused by her parents, is in her best interests.

We affirm the juvenile court's termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**