**In the Interest of C.D. and K.W.L., Minor Children.**

**D.A., Mother, Appellant.**

**No. 92–1560.**

Court of Appeals of Iowa.

Sept. 2, 1993.

Michael D. Andrew, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Judy Sheirbon, Asst. Atty. Gen., and Ray Blase, Asst. County Atty., for appellee State.

J. Michael Mayer, Des Moines, guardian ad litem, for minor children.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Denise Avery[1] appeals a trial court order terminating her parental rights to her sons, Clay Daniels[2], born August 14, 1988, and Kevin Little[3], born February 4, 1990. Denise contends the trial court should not have (1) admitted evidence which the State failed to produce in response to the mother's request for production, (2) found Denise had received adequate services to correct deficiencies in parenting, and (3) refused to dismiss the termination petition and continuing the children as children in need of assistance. We affirm.

In February 1991, Clay and Kevin were removed from their mother's home. The children had received bruises and contusions. Denise was alleged not to have been able to intervene when the children were struck by Rodney Meyer[4].

Clay and Kevin remained in Denise's custody. Rodney was ordered not to have contact with the children. In March 1991, Clay and Kevin were placed in foster care because Denise failed to protect Kevin from Rodney.

On March 26, 1991, the court found Clay and Kevin to be children in need of assistance under Iowa Code sections 232.2(6)(b) and 232.2(6)(c)(2). The children's placement in foster care was continued. The trial court ordered Denise complete psychological, psychiatric and parenting evaluations. The trial court ordered the children and Denise have no contact with Rodney.

Denise successfully completed a Parent Infant Nurturing Program. The program al-

---

1. D.A. is the biological mother's initials. Denise Avery is not her given name.

2. C.D. is the child's initials. Clay Daniels is not his given name.

3. K.L. is the child's initials. Kevin Little is not his given name.

4. R.M. is Kevin's biological father's initials. Rodney Meyer is not his given name.

legedly provided intensive individual and family therapy for Denise, Clay and Kevin. Denise also saw a therapist once a week. The therapist counseled Denise on parenting techniques.

In December 1991, Clay and Kevin were returned to Denise's custody.

In January 1992, Clay and Kevin were again placed in foster care. Clay was found to have a two-inch bruise on his buttocks. Rodney had been in Denise's home.

In June 1992, the State filed a petition to terminate Denise's parental rights. A hearing on the petition was set for July 27, 1992. A hearing was held on that date and on September 4, 1992, the court terminated Denise's parental rights to Clay and Kevin under Iowa Code section 232.116(1)(c). The court decision was premised on findings Denise had been offered services, but they did not correct her problems and Denise has continued to maintain a relationship with Rodney, who was shown to have abused the children. Denise has appealed.

■ Denise first contends the court should not have admitted reports in evidence not made available to Denise's attorney before trial.

On July 23, 1992, Denise filed a motion to continue the hearing on termination set for July 27, 1992, because, despite requests from the mother's attorney under the informal discovery provisions of Iowa Rule of Juvenile Procedure 1.3 for copies of reports the State intended to introduce into evidence, the State had not yet, on the Thursday before a Monday trial, produced written reports it intended to introduce into evidence. Denise contended the State's failure to produce the reports violated her constitutional right to confront the evidence presented against her. On Monday, July 27, 1992, Denise renewed her motion for continuance and it was resisted by the State and guardian ad litem. The trial court denied Denise's motion. Over Denise's objection, the court admitted the reports which had not been given to Denise's attorney until July 24, 1992 (a Friday afternoon). Denise contends the trial court should not have considered exhibits 3, 4, and 9. Exhibit 3, called a "Court Report for Termination of Parental Rights", was prepared by a person who called herself a Foster Care Specialist. The report contained an alleged history of the State's contact with Denise and her children, a number of statements allegedly made by others, and a general conclusion of the maker that parental rights should be terminated. Exhibit 4, a document called "Court Report", was prepared by a person identified as a Protective Service Worker with an organization identified only as Generations, Incorporated. Exhibit 9, a document called "Report in Support of Termination of Parental Rights", was apparently prepared by officer (no first name) Heyer outlining the history of the case.

The State contends the trial court did not abuse its discretion in admitting the reports into evidence because the reports were only a summary of the proceedings and services offered the family.

In ruling on Denise's motion to continue, the trial court found:

> the documentation which has been requested is the underlying basis for the motion to continue was provided last week, and so there has been some opportunity and I think the argument that the case has been ongoing in the underlying CINA matter since March of 1991 has bearing on the overall ruling that the motion to continue should be denied.

The question is one of whether the juvenile court abused its discretion in not granting the request for continuance. *See In re B.K.J., Jr.*, 483 N.W.2d 608, 611 (Iowa App. 1992); *In re R.B.*, 493 N.W.2d 897, 898 (Iowa App.1992).

Denise's attorney told the trial court the State's delay in getting the materials to him left him without ample time for preparation of this case.

Time is of the essence in dealing with children's issues. But the termination of parental rights and the legal severing of biological ties has serious repercussions both now and in the future for both the child and the parent. The child becomes a legal orphan, may or may not be adopted, and will suffer from being separated from his or her biological family. Therefore, the attorney for the

child and the attorney for the parents should have information in ample time to prepare for trial.

The State has available to it an array of services and investigative resources not available to Denise who has very limited resources. In this hearing, Denise is pitted directly against the State. *See Santosky v. Kramer*, 455 U.S. 745, 761, 102 S.Ct. 1388, 1399, 71 L.Ed.2d 599, 612 (1982). There is little excuse for the State's failure to provide Denise's attorney with reports it intended to use in support of its position in ample time to allow her attorney to be prepared to meet the allegations in the reports. Supplying an attorney with voluminous reports on a Friday afternoon for a hearing the next Monday clearly makes adequate preparation very difficult. While we did not agree with the trial court that Denise's attorney had the reports in ample time, we affirm on this because Denise has failed to show any prejudice.

On the last day of the hearing, the State produced and the court admitted Denise's diary into evidence. The fact the State had the diary had not been disclosed to Denise earlier despite a request by her attorney to produce. Denise contends the diary was a false one kept out in the open to make her boyfriend jealous, and if she had known the diary would be admitted into evidence, she would have brought in her real diary.

■ The objection now made to the admission of the diary was not made in the trial court. Denise contends such an objection was not made to the admission of the diary on the grounds that it had not been previously produced pursuant to a request for production and therefore would violate Denise's rights to confrontation because such an objection would have been futile. The fact a litigant is of the opinion an objection will not be considered does not excuse the need for the objection to be made to preserve the record for appeal.

■ Matters not raised in the trial court, including constitutional questions, cannot be asserted for the first time on appeal. *State v. Lyon*, 223 N.W.2d 193, 194 (Iowa 1974). Denise did not preserve error for appeal as she failed to object to the introduction of her diary into evidence. *See State v. LeCompte*, 327 N.W.2d 221, 223 (Iowa 1982). The fact she felt the objection would be futile in the trial court was not sufficient to excuse the failure to preserve error on this issue.

Without deciding this issue, we exclude the diary from the evidence we consider on our de novo review.

■ Denise next contends the failure of the State to use reasonable efforts to preserve the family and the failure of the State to provide service tailored to the defined needs of the family support dismissal of the termination petition. Denise contends her evaluation called for her to receive intensive individual therapy focused on dependency and codependency. Denise correctly advances the State, instead of offering services to correct these identified needs, offered her a class in improving her parenting skills. Denise also said she had difficulty arranging appointments with an appropriate therapist because of lack of funding and lack of information on obtaining treatment.

Denise was offered services. There is evidence she cooperated with the service providers and kept a number of appointments. Denise successfully completed the parenting class. Whether the services so offered Denise were tailored to her problems, we cannot ascertain from this report.

The State recognized the services offered Denise did not correct her problems when it sought termination. Whether the failure of the services is Denise's fault for not utilizing them properly or whether the services failed because they were not tailored to Denise's needs is not clear from the record.

■ Preserving families is the underlying principle behind these proceedings. The State has the obligation to make reasonable efforts. The number of parental termination cases in this State is increasing. When the State contends services they have offered children have failed, the tendency is to blame the parents. However, as Denise now argues, the reasonableness of the services the State has offered should be very carefully scrutinized.

However, a parent's challenge to services should be made when they are offered. It is indeed discouraging when money is spent on services that do not correct problems. This issue should have been raised earlier and we will not consider it now.

Denise also contends the trial court improperly prevented her from cross-examining a Department of Human Services caseworker, Karla McHenry, regarding the type of services offered to Denise. This matter is reviewed de novo, therefore, the juvenile court should have allowed cross-examination subject to the objection so we would have the benefit of the evidence if we found the trial court should not have curtailed the cross-examination. However, Denise made no offer of proof, therefore, there is no basis on which we can find she was prejudiced by curtailing cross-examination.

**AFFIRMED.**

DONIELSON, P.J., concurs.

HABHAB, J., specially concurs.

HABHAB, Judge (specially concurring).

I concur in the result only.