# IN THE COURT OF APPEALS OF IOWA

No. 14-1122
Filed November 26, 2014

IN THE INTEREST OF J.N.,
S.S., and C.S.,
  Minor Children,

S.Y., Mother,
  Appellant.
_____

Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to three children. **AFFIRMED.**

W. Eric Nelson, State Public Defender's Office, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Lance J. Heeren, Assistant County Attorney, for appellee.

Cory R. Speth of Cory R. Speth, Attorney at Law, Cedar Rapids, for father.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

A mother, S.Y., appeals[1] the termination of her parental rights to three children arguing the State did not make reasonable efforts to facilitate reunification. We find S.Y. failed to preserve error on this claim having raised it for the first time at the termination proceeding; accordingly, we affirm the district court.

## I. BACKGROUND FACTS AND PROCEEDINGS

The children, J.N., S.S., C.S., were born in 2004, 2006, and 2008, respectively. The children resided with their mother until June 2012, when she moved from Iowa to Texas. S.Y. left the children in Iowa with a family friend, J.I. On September 24, 2013, the Iowa Department of Human Services (DHS) began investigating the children's care after J.I. contacted the DHS and stated S.Y. had left the children over fifteen months ago, and J.I. was unable to continue caring for them. S.Y. had visited Iowa in June 2013 and spent one day with the children before returning to Texas.

After conducting an assessment, the DHS learned J.I. was married to a registered sex offender who was currently in jail for non-compliance with the sex offender registration requirements. The DHS also learned the children's behavior at school had been deteriorating. The school reported the children had poor hygiene and issues with lice. After several attempts to make phone contact with

---

[1] J.N.'s father's parental rights were terminated by the court and he does not appeal. S.S. and C.S's father's parental rights were terminated by the court and he does not appeal.

S.Y., the DHS received a message from S.Y. stating she would find another place for the children to live. S.Y. did not mention resuming care of the children herself. The DHS then filed a request to place the children in foster care, which was granted. Once the children were placed in foster care, the DHS interviewed the children. The children reported receiving "whoopings" at J.I.'s residence. They also reported drug and alcohol use in the home, and that J.I.'s husband had spent time with the children unsupervised.

A hearing to review the temporary removal order was held in October 2013. No parent appeared. A child in need of assistance (CINA) adjudicatory hearing was held in November. No parent appeared. The court found the parents had abandoned the children. A dispositional hearing was held in December. No parent appeared. The State filed a petition for termination and the hearing was set in March 2014. In January 2014, S.Y. requested and was appointed an attorney. S.Y. personally appeared at the termination hearing in March. She reported she had just arrived in Iowa from Texas the day before and was attempting to establish a residence and employment. She agreed to complete a substance abuse evaluation, a mental health evaluation, and submit to random drug testing. She asked the court to postpone the termination hearing because she did not receive adequate notice of the hearing. The court reset a new hearing May 5, 2014.

S.Y. completed a mental health evaluation in March and was diagnosed with major depressive disorder and anxiety. The evaluator recommended S.Y.

participate in individual therapy. S.Y. did not engage in treatment and did not adequately complete a substance abuse evaluation. The DHS called S.Y. six separate times to submit to drug testing, and S.Y. complied on only one occasion. The sample was too diluted to be valid. S.Y. stated she had last used drugs in March 2014. A DHS social worker investigated the condition of the apartment S.Y. secured in Iowa. The social worker found the apartment unsuitable for children due to holes in the wall and the presence of cat feces. S.Y. did not remain in Iowa after the March hearing. She returned to Texas twice to earn money as an exotic dancer and to retrieve her belongings.

From the time the children were placed in foster care, the DHS provided various services, including: supervised visitation, drug testing, substance abuse treatment, mental health treatment, parenting instruction, family team meetings, and foster family placement. The DHS reports no parent participated in the services to a significant degree. S.Y. made some effort to participate following the March hearing, though her efforts were interrupted by her return trips to Texas. Upon the recommendation of the children's therapists that visitations could be emotionally damaging to the children and not in their best interests, S.Y. was denied visitation with the children during this period.

The termination hearing was held on May 5, 2014. On June 20, an order was entered terminating S.Y's parental rights pursuant to Iowa Code sections 232.116(1)(b) and (e) (2013). The court concluded its well-reasoned opinion by stating:

> Therefore, it is the finding of the Court that these children's need for permanency, security, safety, physical and intellectual health

> dictate that it is in their best interest to have parental rights terminated and that they be placed for adoption rather than wait any longer for a parent to be ready to resume full time responsibility for their care.

S.Y. filed a timely appeal.

## II. STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION

S.Y.'s sole claim is the State failed to make reasonable efforts to facilitate reunification by denying S.Y. visitation with her children. S.Y. claims she did not engage in the provided services because she had little motivation to participate absent the possibility of visitation with the children.

Iowa Code section 232.102(5)(b) requires the State to make reasonable efforts to preserve the family before removing the child from the home. After removal, the State must make reasonable efforts to reunify the family as quickly as possible. Iowa Code § 232.102(7). In determining whether reasonable efforts

have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." *Id.* § 232.102(10)(a)(1).

The reasonable efforts requirement is not viewed as a strict substantive requirement at termination. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts. *Id.* The State must show reasonable efforts as part of its proof the child cannot be safely returned to the parent's care. *Id.*

While the State has an obligation to make reasonable efforts, it is the parent's responsibility to demand services if they are not offered. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). A parent's challenge to the sufficiency of the services offered should be made at the time the services are offered. *In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993).

The State argues S.Y. failed to preserve error on her reasonable efforts challenge because she failed to object to the visitation determination prior to the termination proceeding. S.Y. claims she preserved error by raising the issue of reasonable efforts at the termination hearing and now on appeal. The children were removed from J.I.'s home in September 2013, and S.Y. was contacted by the DHS. A DHS social worker spoke with S.Y. and informed her of the situation with the children. S.Y. did not attend any of the hearings, or return to Iowa prior to the initial March 2014 termination hearing. S.Y. had six months to assert her

rights as a parent. She chose not to do so. S.Y. did not challenge the DHS's decision to deny visitation at the time the decision was made, and therefore she has failed to preserve error on her claim. [2]

**AFFIRMED.**

---

[2] When a parent's parental rights are terminated based upon abandonment or desertion, reasonable reunification services are not a predicate to termination. *In re D.C. and D.B.*, No. 11-0759, 2011 WL3116090, at *2–*3 (Iowa Ct. App. July 27, 2011).