**IN THE COURT OF APPEALS OF IOWA**

No. 14-2067
Filed March 25, 2015

**IN THE INTEREST OF A.P. and J.P.,**
    **Minor Children.**

**J.P., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Winnebago County, Karen Kaufman Salic, District Associate Judge.

A father appeals the termination of his parental rights to two children. **AFFIRMED.**

Theodore J. Hovda, Garner, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Adam D. Sauer, County Attorney, for appellee.

Jane M. Wright, Forest City, for mother.

Philip Garland, Garner, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

A father, J.P., appeals[1] the termination of his parental rights to two children claiming the State did not present clear and convincing evidence supporting termination, reasonable efforts were not made to facilitate reunification, and termination is not in the children's best interests. We find clear and convincing evidence supports the termination of J.P's parental rights, J.P. failed to preserve error on his "reasonable efforts" claim having raised it for the first time at the termination proceeding, and termination is in the best interests of the children. Accordingly, we affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS

The children, A.P., and J.P, were born in 2007 and 2011, respectively. The children were removed by ex parte order from their mother's care on January 30, 2013 and adjudicated children in need of assistance (CINA) on March 1, due to the mother's ongoing methamphetamine use. The father, who resided in Arizona at that time, appeared at the hearing by telephone. The Department of Human Services (DHS) was ordered to complete a home study of the father's home in Arizona. Following the CINA proceeding, the children were placed back in the custody of their mother provided the mother resided at a drug treatment facility. A dispositional hearing was held on April 5. The father could not be reached by telephone, but his attorney appeared. The DHS had not completed the home study, but due to the mother's positive progress, the DHS

---

[1] The mother consented to the termination of her parental rights, and she does not appeal.

found the study unnecessary. The mother successfully completed drug inpatient treatment and was discharged.

The children were again removed from the mother by ex parte order on October 2, 2013 due to the mother's continued use of methamphetamine and a finding the mother had exposed the children to methamphetamine. The father requested foster placement for the children and the DHS conduct a home study of his home. A review hearing was held on February 28, 2014. The father's home study was "terribly unfavorable," and his home was found unsuitable for the children. The study revealed the father, while caring for another child unrelated to this proceeding, had allowed a diaper to remain on the child for such an extended period of time the diaper had to be medically removed. He had also overdosed the same child on the drug Benadryl, also requiring medical intervention. It was further discovered the father had two operating while intoxicated convictions in the past three years and had been convicted of domestic abuse assault involving the children's mother. The DHS gave the father a list of requirements to complete before the children's placement in his home could be considered. Another review hearing was held on May 30. The father appeared by phone. The court inquired into the services being provided to the parties, and the father did not request any additional services.

A permanency hearing was held on September 26, 2014. The father and his counsel personally appeared. The father had moved to Des Moines, Iowa, in June with the hope of regaining custody of the children. Other than a request for more time, the father did not request any additional services.

The termination hearing was held on October 24, 2014, and the court issued its ruling on November 26. The father's parental rights to A.P were terminated pursuant to Iowa Code section 232.116(1)(f) (2013). The father's parental rights to J.P. were terminated pursuant to Iowa Code section 232.116(1)(h). The court concluded its well-reasoned opinion by stating:

> [The father] believes that one obstacle after another has been placed in his path. The court disagrees. [The father] has been routinely accommodated in the CINA proceedings to be able to appear by phone. He acknowledges receiving the reports of the Department, FSRP provider, GAL, and the home study. There is no credible reason to believe that he did not immediately understand the dire circumstances his children were in back in January 2013, let alone before the Department's involvement. Particularly once he received the denied home study in January 2014, he was aware that the children could not legally be placed with him Arizona, but he did nothing more than take a parenting class and wait another six months. Simply put, he was content to be absent from [A.P's and J.P.'s] lives for years, and now, far too late to benefit the children or salvage their relationship, he has done little but make excuses for his absence. The children's lives have been in constant upheaval for almost two years and they cannot in good conscience be forced to wait any longer for their parents to hopefully become parents.

J.P. filed a timely appeal.

## II. STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Evidence is "clear and convincing" when there

are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code sections 232.116(1)(f) and (h) contain similar elements, though section (f) applies to children four years of age or older who have been removed from their parents' physical custody for twelve of the past eighteen months, "or for the last twelve consecutive months and any trial period at home has been less than thirty days." Iowa Code § 232.116(1)(f)(1), (3). Section (h) applies to children three years of age or younger who have been removed from their parents' physical custody for six of the twelve months, "or for the last six consecutive months and any trial period at home has been less than thirty days." Iowa Code § 232.116(1)(h)(1), (3).

Otherwise, both sections require a showing the child has been adjudicated a CINA, and "there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." *See* Iowa Code §§ 232.116(1)(f) and (h).

The father challenges the fourth ground and claims the State has failed to show, by clear and convincing evidence, that termination is proper in this case. The father claims his efforts were not "too little too late," and places the blame on the DHS for providing him with "inconsistent cooperation." The record reveals the opposite. The children had been removed from their mother's care for eighteen months before he decided to move closer to the children. For years, the father was aware of the mother's drug abuse and did nothing to protect the children—he adopted a wait and see approach while the children languished in the dangerous environment created by their mother. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 615 (Iowa 1987). "Time is a critical element. A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000); *see In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997) (finding after statutory time, the patience with parents must yield to needs of the child). We commend the father for recently complying with some of the DHS required services, and for moving closer to his children. But we cannot ignore the father's past absence from the children's lives and the troubling Arizona home study. We find there is clear and

convincing evidence the children cannot be returned to the father's custody at the present time and affirm the juvenile court ruling.

### B.    Reasonable Efforts

The father claims the State failed to make reasonable efforts to facilitate reunification by denying him visitation with his children.   Iowa Code section 232.102(5)(b) requires the State to make reasonable efforts to preserve the family before removing the child from the home.   After removal, the State must make reasonable efforts to reunify the family as quickly as possible.   Iowa Code § 232.102(7).   In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family."   *Id.* § 232.102(10)(a)(1).

The reasonable efforts requirement is not viewed as a strict substantive requirement of termination.   *C.B.*, 611 N.W.2d at 493.   Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts.   *Id.*   The State must show it made reasonable efforts as part of its proof the child cannot be safely returned to the parent's care.   *Id.*   While the State has an obligation to make reasonable efforts, it is the parent's responsibility to demand services if they are not offered.   *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997).   A parent's challenge to the sufficiency of the services offered should be made at the time the services are offered.   *In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993).

The State claims the father failed to preserve error on his reasonable efforts challenge because he failed to raise the issue of reasonable efforts prior

to the termination proceeding. The father claims he preserved error by raising the issue of reasonable efforts throughout the termination proceeding. After a careful review of the record, we agree with the State the father did not raise the reasonable efforts claim prior to the termination hearing. Even if the father had preserved this issue, the record is replete with instances where the DHS provided the father with services he did not take advantage of. The record shows the father did not place the children as his first priority. We find "reasonable efforts" were made by the State.

## IV. CONCLUSION

There is clear and convincing evidence that grounds for termination exist under sections 232.116(1)(f) and (h), termination of the father's parental rights is in the children's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the father's parental rights.

**AFFIRMED.**