**IN THE COURT OF APPEALS OF IOWA**

No. 15-2024
Filed March 9, 2016

**IN THE INTEREST OF R.W. and R.N.,**
**Minor Children,**

**R.N., Father,**
    Appellant,

**S.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

W. Eric Nelson of the State Public Defender's Office, Cedar Rapids, for appellant father.

Robert W. Davison, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Robin L. O'Brien Licht, Cedar Rapids, for minor children.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother and father separately appeal the termination of their parental rights to two children, R.W. and R.N. The mother claims the court erred in terminating her parental rights pursuant to Iowa Code section 232.116(1)(h) (2015) and termination was not in the children's best interests. The father claims the State did not provide reasonable efforts to facilitate reunification with the children. We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's and father's parental rights; we adopt the findings of fact and conclusions of law as our own.

**A.     Grounds for Termination**

The juvenile court terminated the mother's and father's parental rights pursuant to Iowa Code section 232.116(1)(h). Termination is appropriate under section 232.116(1)(h) where the State proves the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Only the mother challenges the termination pursuant to 232.116(1)(h), claiming R.W. was not three years of age or younger at the time the termination order was entered (element 1), and clear and convincing evidence does not support the termination (element 4). Concerning the mother's first claim, we measure the child's age at the time of the termination hearing, not at the time the termination order was entered. *See In re N.N.*, 692 N.W.2d 51, 53 (Iowa Ct. App. 2004) (finding Iowa Code section 232.116(1)(h) applies to children who are less than three years of age at the time of the termination hearing). The termination hearing occurred on September 17, 2015. R.W. attained the age of four after conclusion of the termination hearing. Therefore section (h) applies to R.W.

Concerning the mother's second issue, the juvenile court found clear and convincing evidence supported the termination, reasoning:

> The parents have struggled throughout this case to make appropriate lifestyle changes and minimize the risk to their children. [R.W.] was removed from parental care from February 13, 2013, to November 13, 2014. Despite a lengthy trial home placement, which began on June 9, 2014, [the mother] was unable to handle both children and they were removed on November 26, 2014, at her request. There have been no trial home placements since and visitation between both parents and the children has been fully supervised. [The mother] has continued to have mental health concerns. She has demonstrated poor insight and judgment into how her mental health issues affect her ability to care for her children. [The parents] have a domestically violent relationship. Despite a no contact order, they continue to have ongoing contact. [The mother] seems to think that because [the father] is the children's father, that she has some obligation to make sure that he sees them, even when that is not in their best interests. [The mother] continues to be overwhelmed with her parenting. She continues to drive without a driver's license and has been arrested several times for this issue. If [the children] returned to parental care today, or anytime in the near future, they would continue to meet grounds for adjudication. Neither parent has demonstrated they are able to safely, effectively and consistently meet their needs, much less the needs of their children.

We agree with the juvenile court and affirm the termination of the mother's parental rights pursuant to Iowa Code section 232.116(1)(h).

## B.    Best Interests

The mother also claims the termination of her parental rights is not in the best interests of the children and the closeness of the parent-child bond makes termination improper.  *See* Iowa Code § 232.116(2), (3).  In determining the best interests of the child, we give primary consideration to "the child[ren']s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional conditions and needs of the child[ren]."  *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 37.  On these issues, the juvenile court reasoned:

> The Court must make a determination as to what the future will most likely hold for the children if they are returned to the care of a parent.  "The best evidence for this determination is the parents' past performance, because that performance may indicate the quality of future care 'they are' capable of giving."  *In re J.K.*, 495 N.W.2d 108, 110 (Iowa 1993), *In re N.M.*, 483 N.W.2d 812, 814 (Iowa 1992).  Visitation has been unable to progress based on the concerns that led to the filing of these cases: noncompliance with case permanency plan expectations, violence, mental health issues and general lack of stability.  [The mother] has not been able to handle the children and her mental health. . . . [R.W.] is four years old.  She was three at the time of trial.  [R.N.] is seventeen months.  Neither child can self-protect.
> The court finds that it is in the children's best interest to terminate parent-child relationship.  In making this determination the court has given consideration to the children's safety, to the best placement for furthering the long-term nurturing and growth of the children, and to the physical, mental, and emotional condition and needs of the children.
> . . . . The children are not strongly bonded to either parent. They are able to bond with their caregivers.  [R.N] is so young he will transition easily into a forever home.  For these reasons the

court finds there are no exceptions that allow the court not to terminate.

We agree with the juvenile court, the mother did not have a strong bond such that termination should be denied.

## C. Reasonable Efforts

The father claims the State failed to make reasonable efforts to facilitate reunification by disallowing adequate visitation with the children. Iowa Code section 232.102(5)(b) requires the State to make reasonable efforts to preserve the family before removing the child from the home. After removal, the State must make reasonable efforts to reunify the family as quickly as possible. Iowa Code § 232.102(7). In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." *Id.* § 232.102(10)(a)(1). The reasonable efforts requirement is not viewed as a strict substantive requirement of termination. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts. *Id.* The State must show it made reasonable efforts as part of its proof the child cannot be safely returned to the parents' care. *Id.* While the State has an obligation to make reasonable efforts, it is the parents' responsibility to demand services if they are not offered. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). A parent's challenge to the sufficiency of the services offered should be made at the time the services are offered. *In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993).

Concerning the visitation offered by the State, the court noted:

[The father] has fully supervised visits due to his lack of progress on case plan goals.  He declined to see his children from November 2013 to July 2015 when the termination was filed.  Nor did he maintain contact with the Department despite multiple attempts to engage him in services.  [The father] has visits once a week for one hour at the Juvenile Justice Center due to concerns that people may want to kill him, his being in possession of guns and for the protection of the provider.  As a condition of resuming visits, [the father] had to meet with the provider three times to demonstrate his commitment.  At visits, he lets the children run.  [R.W.] will not listen to him.  He is unable to redirect her.  [R.W.]'s therapist recommends that the contact be ended.

The father did not engage with services until after he was served with the termination petition.  The father attended six visitations prior to the termination hearing and did not request additional visitations until approximately one month prior to the termination hearing.  Given the father's demonstrated lack of initiative, and the visitation provided by the State, we find the State made reasonable efforts in providing visitation to the father.

We affirm the juvenile court's termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**