**IN THE COURT OF APPEALS OF IOWA**

No. 16-0848
Filed August 17, 2016

**IN THE INTEREST OF V.W.-L. and W.L.,**
**Minor Children,**

**A.P., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Tama County, Casey D. Jones,

District Associate Judge.


     A mother appeals from the order terminating her parental rights.

**AFFIRMED.**



     John S. Livingston, Gladbrook, for appellant mother.

     Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant

Attorney General, for appellee State.

     Laura A. Eilers of Grimes, Buck, Schoell, Beach & Hitchins, Marshalltown,

attorney and guardian ad litem for minor children.



     Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A mother appeals from a juvenile court's order terminating her parental rights to her two children: V.W.-L., born in 2014, and W.L., born in 2015. The mother argues the State failed to show it made reasonable efforts to reunify the family. She also contends termination is detrimental to her children due to the strong bond she shares with them. We affirm.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) and (i) (2015).[1] We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). When a juvenile court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Evidence is clear and convincing "when there are no 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *In re M.W.*, 876 N.W.2d at 219 (alteration in original) (citation omitted). Our primary consideration is the best interests of the child. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother asserts the State failed to show it made reasonable efforts to reunify the family as part of its proof the children cannot be returned safely to her care and custody. Iowa Code section 232.102(7) requires the State to make

---

[1] The court also terminated the father's parental rights pursuant to section 232.116(1)(e), (h), and (i). He does not appeal.

reasonable efforts to reunify the family as quickly as possible after children have been removed from their parents' care and custody. "[T]he reasonable-efforts requirement is not viewed as a strict substantive requirement of termination." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts. *Id.* "The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *Id.* In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." Iowa Code § 232.102(10)(a)(1). Furthermore, although the State has an obligation to make reasonable efforts, it is the parent's responsibility to object to, or challenge the sufficiency of, the services offered at the time when they are offered. *See In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997); *In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993).

The record indicates the Iowa Department of Human Services (DHS) provided the mother with information on how to obtain inpatient substance abuse treatment at a facility that would allow her children to reside with her, but the mother failed to follow through or take proactive steps to enter inpatient treatment. Based upon our de novo review of the entire record before us, we find the State satisfied its burden of proof that reasonable efforts toward reunification have been made in this case.

If we determine the State has established the statutory grounds for termination, we then consider whether termination is in the child's best interests under section 232.116(2). *See In re M.W.*, 876 N.W.2d at 219–20. The mother

does not argue termination was not in the children's best interests, therefore, the argument is waived. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments.").

The mother next argues an exception to termination exists "due to the closeness of the parent-child relationship[s]." Iowa Code § 232.116(3)(c). "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child[ren], whether to apply the factors in this section to save the parent-child relationship[s].'" *In re A.M.*, 843 N.W.2d at 113 (citation omitted).

The juvenile court acknowledged the mother clearly loved her children and shared a bond with them but determined the mother had not made her children a priority. DHS has provided services to the mother relating to substance abuse for thirteen years. At the time of the termination hearing, the mother had yet to address her substance abuse and mental health issues, her unstable housing situation, and her lack of employment. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010)). We do not find the mother's bond with her children justifies a continued delay of permanency, which these two young children need and deserve. *See In*

*re D.W.*, 791 N.W.2d at 707 ("We do not 'gamble with the children's future' by asking them to continuously wait for a stable biological parent, particularly at such tender ages." (citation omitted)).

We have carefully reviewed the record, the briefs of the parties, and the juvenile court's thorough ruling. Upon our de novo review, we conclude the State proved the grounds for termination under Iowa Code section 232.116(1)(h) by clear and convincing evidence. We further find the mother's bond with her children does not prevent termination. Accordingly, we affirm.

**AFFIRMED.**