# IN THE COURT OF APPEALS OF IOWA

No. 19-1896
Filed February 5, 2020

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**M.P., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Webster County, Joseph McCarville,

District Associate Judge.

A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

Douglas Cook of Cook Law Firm, Jewell, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

Jessica L. Morton of Bruner, Bruner & Reinhart LLP, Carroll, attorney and

guardian ad litem for minor child.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, who was born in 2014. She contends the State failed to prove the grounds for termination by clear and convincing evidence and that termination is in the child's best interests. She asks for additional time to reunite with the child. We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f) and (*l*) (2019). We may affirm the termination order if clear and convincing evidence supports one of these grounds. *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). The mother argues the State failed to prove the final element for termination under section 232.116(1)(f), which requires a showing that returning the child to the mother's care at the time of the termination hearing would expose the child to a harm that would lead to a new child-in-need-of-assistance (CINA) adjudication. *See* Iowa Code § 232.116(1)(f)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (observing that a child cannot be returned to the custody of the parent under section 232.102 if doing so would expose the child to any harm amounting to a new CINA adjudication).

Clear and convincing evidence shows the child could not be returned safely to the mother's care at the time of the termination hearing. The mother has a long history of substance abuse. The evidence shows the mother used

methamphetamine while pregnant because the child tested positive for illegal substances at birth. The mother used methamphetamine throughout the CINA proceedings and failed to complete substance abuse treatment. She admitted to using methamphetamine less than a month before the termination hearing. The mother remained in a romantic relationship with the father,[1] who also uses methamphetamine. The relationship is marred by domestic violence, with the mother admitting she hit the father in the face with a beer bottle in May 2019. If the child was returned to the mother's care at the time of the termination hearing, both the mother's substance use and domestic violence would expose the child to a risk of harm that would warrant a new CINA adjudication. The State has proved the grounds for termination under section 232.116(1)(f).

The mother challenges the finding that termination is in the child's best interests. *See D.W.*, 791 N.W.2d at 706-07 (requiring that the court "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights"). In determining best interests, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements" we consider in making this determination are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

---

[1] The father acknowledged there was sufficient evidence to terminate his parental rights and consented to termination. The termination of his parental rights is not at issue on appeal.

During the sixteen months the CINA action was pending, the mother failed to address the reasons that led to the adjudication. As a result, the mother's visits remained fully supervised. The record shows the mother cannot keep the child safe let alone meet the child's long-term needs. In contrast, the child is in a pre-adoptive foster placement and has remained in that placement since the August 2018 removal. Termination is in the child's best interests.

Finally, the mother asks for additional time to prove herself a capable parent. *See* Iowa Code § 232.104(2)(b) (allowing the court to continue placement of the child for six more months if it determines "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). When asked why she should be believed when she claims things would change in the six months following the termination hearing, the mother stated, "I can't tell you; I've just got to show you." But the mother failed to show she could change in the sixteen months leading up to termination hearing, and no credible evidence suggests another six months will make a difference. Although the mother testified she "would like to" complete substance-abuse treatment and participate in random drug screens, she had a chance to do both during the CINA proceedings and failed to complete treatment or show sobriety.

"[O]ur legislature has established a limited time frame for parents to demonstrate their ability to be parents." *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."); *In re C.D.*, 508 N.W.2d 97, 99 (Iowa Ct. App. 1993) ("Time is of the essence in dealing with

children's issues."). As we have often said, children are not equipped with pause buttons. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). The record does not warrant continuing the child's placement for six months.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**