# IN THE COURT OF APPEALS OF IOWA

No. 20-0153
Filed April 1, 2020

**IN THE INTEREST OF R.W.,**
**Minor Child,**

**L.W., Father,**
    Appellant,

**P.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Madison County, Brendan Greiner, District Associate Judge.

A mother and a father separately appeal the termination of her parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Joseph P. Vogel of Vogel Law, PLLC, Des Moines, for appellant father.

Penny B. Reimer of Cooper, Goedicke, Reimer & Sparks, P.C., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Shireen Carter, Clive, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal an order terminating their parental rights under Iowa Code section 232.116(1)(f) (2019). We review termination proceedings de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Though the juvenile court's findings are not binding on us, we give them weight, especially when they involve witness credibility. *See id.*

In his four years of life, the Iowa Department of Human Services (DHS) has conducted three child-abuse assessments concerning R.W., with the first occurring when R.W. was only three weeks old. In each instance, the DHS determined the parents denied R.W. critical care by failing to provide proper supervision as a result of the parents' drug use. The most recent assessment occurred in October 2018 after the DHS received a report that the parents were again exhibiting signs of methamphetamine use. The juvenile court removed R.W. from the parents' care two weeks later after the father was arrested for possession of methamphetamine. The State petitioned for a child-in-need-of-assistance (CINA) adjudication, which the court granted. When concerns about the parents' substance use persisted after a year, the State petitioned to terminate parental rights. After a hearing, the court terminated both the mother's and the father's parental rights.

The court may terminate parental rights under section 232.116(1)(f) if it finds clear and convincing evidence of the following:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or

> for the last twelve consecutive months and any trial period at home has been less than thirty days.
>> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Both parents challenge the court's finding that R.W. could not be returned to their care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"). A child cannot be returned to the custody of the parent if doing so would exposed the child to any harm amounting to a new CINA adjudication. *See In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016).

Clear and convincing evidence shows R.W. could not be returned to either parent's care at the time of the termination hearing. The father was incarcerated with a tentative discharge date in February 2023. He has a long history of substance use, and each of his past attempts at treatment has ended with relapse. The record shows he lacks insight into how his drug use affects his ability to parent. Although in-patient treatment has been recommended for the mother since R.W. was born, she did not begin in-patient treatment until November 2019—after the State petitioned for termination and just six weeks before the termination hearing began. We agree with the juvenile court's characterization of the mother's "turnabout" as "an eleventh-hour attempt to regain custody." The mother admitted that she used methamphetamine daily before then. Neither parent has shown commitment to long-term sobriety.

Both parents claim they just need more time to show they have changed. Iowa Code section 232.104(2)(b) allows the court to continue the proceedings for

six more months if doing so will eliminate the need for the child's removal. The juvenile court declined to apply this provision, finding that "the continued offer of services and an additional six months to utilize those services will not rectify the concerns that brought this family to the attention of the court." We agree. One year passed in the current CINA case with no noticeable change. That is all that the law requires. *See In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006) (noting our legislature has established a twelve-month time frame under section 232.116(1)(f) for parents to demonstrate their ability to be parents). After that, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."); *In re K.V.*, No. 19-1775, 2020 WL 110439, at *2 (Iowa Ct. App. Jan. 9, 2020) ("As we have often said, children are not equipped with pause buttons."); *In re C.D.*, 508 N.W.2d 97, 99 (Iowa Ct. App. 1993) ("Time is of the essence in dealing with children's issues.").

For the same reasons, termination is in R.W.'s best interests. *See D.W.*, 791 N.W.2d at 706-07 (requiring that the court "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights"). In making this determination, we look at "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). Neither parent can provide R.W. with a safe, permanent home. As the juvenile

court noted, "These parents have had the entirety of [R.W.]'s life to turn their own lives around. '[R.W.] shouldn't have to wait.'"[1] R.W. has lived with his paternal grandparents the majority of his life, and he has flourished in their care. The paternal grandparents are willing and able to adopt R.W.

Finally, we consider whether any circumstance listed in section 232.116(3) applies and, if so, whether it weighs against terminating parental rights. *See A.S.*, 906 N.W.2d at 473. The decision to avoid termination under section 232.116(3) is permissive, not mandatory. *See id.* at 475. The mother argues termination is not warranted because the child has been placed with the maternal grandparents. *See* Iowa Code § 232.116(3)(a) (stating that the court "need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child"). But relative placement does not countermand an otherwise appropriate determination to terminate a parent-child relationship. *See A.S.*, 906 N.W.2d at 475.

The mother also argues that we should decline to terminate her parental rights because of the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). But as the juvenile court noted, R.W. "has lived with his grandparents the majority of his life." And even if a close bond exists, our primary concern continues to be the child's best interests. *See A.S.*, 906 N.W.2d at 475. When R.W. was removed from the mother's care again in October 2018, he "exhibited signs of neglect" like "significant speech delay." The child's best interest is served by terminating the mother's parental rights.

---

[1] The juvenile court was quoting from the mother's own testimony at the termination hearing after being asked, "How long do you think [R.W.] should have to wait?"

The mother suggests that a guardianship would be more appropriate than termination. Our supreme court has reiterated: "[G]uardianship is not a legally preferable alternative to termination." *See* A.S., 906 N.W.2d at 477; *but see In re B.T.*, 894 N.W.2d 29, 34 (Iowa Ct. App. 2017) (approving order for guardianship with grandmother rather than terminating mother's parental rights where "mother and the grandmother [had] a close, mature, and healthy relationship that is free of conflict"). Under the circumstances presented here, we do not think a guardianship can achieve the permanency the child needs.

For all the above reasons, we affirm the juvenile court.

**AFFIRMED ON BOTH APPEALS.**