**IN THE COURT OF APPEALS OF IOWA**

No. 20-0239
Filed April 1, 2020

**IN THE INTEREST OF N.B.,**
**Minor Child,**

**J.K., Father,**
        Appellant,

**B.B., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

A mother and a father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Joseph G. Martin, Cedar Falls, for appellant father.

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Melissa A. Anderson-Seeber of Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their child. We review termination proceedings de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Though the juvenile court's findings are not binding on us, we give them weight, especially when they involve witness credibility. *See id.*

The child was seven months old when the Iowa Department of Human Services (DHS) was alerted to concerns that the parents could not provide the level of care the child needs. The child, who weighed only nine pounds and three ounces at the time, had been diagnosed with failure to thrive. The juvenile court ordered removal and adjudicated the child to be in need of assistance (CINA). Six months later, the juvenile court noted that the parents had made some progress but concerns remained about their ability to provide long-term care for the child without assistance. Although the parents asked the court to delay permanency while they continued to address the issues that led to the CINA adjudication, the juvenile court ordered the State to file a petition to terminate parental rights. After the termination hearing, the court terminated each parent's rights under Iowa Code section 232.116(1)(h) (2019).

**I. Mother's Appeal.**

On appeal, the mother challenges the finding that N.B. could not be returned to her custody at the time of the termination hearing, one of the requirements for termination under section 232.116(1)(h). *See* Iowa Code § 232.116(1)(h)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102");

*In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"). But the mother never progressed beyond supervised visits with the child. A bed bug infestation and filthy conditions in the home continued, presenting a danger to the child because of the child's medical needs. Because the record shows that the child requires a level of care that the mother could not provide, returning the child to the mother's care would expose the child to harm that would amount to a new CINA adjudication. *See In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (stating that a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication). Clear and convincing evidence supports termination under section 232.116(1)(h).

The mother also contends termination goes against the child's best interests. *See D.W.*, 791 N.W.2d at 706-07 (requiring that the court "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights"). In determining the child's best interests, we look at "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). We have already noted that the mother cannot provide the level of care the child needs. Because the mother cannot care for the child safely or provide the permanency the child needs, we agree that termination is in the child's best interests.

Finally, the mother asserts termination should be avoided because she has a significant bond with the child. If the court finds termination would be detrimental to the child because of the closeness of the parent-child relationship, the court need not terminate parental rights. *See* Iowa Code § 232.116(3)(c). This provision is permissive, not mandatory. *See A.S.*, 906 N.W.2d at 475. The mother bears the burden of proving termination would be detrimental to the child. *See id.* at 476. And if she does, we must still consider the children's best interests in determining whether to terminate parental rights. *See id.* at 475.

We disagree with the mother's assertion that termination is detrimental to the child based on the closeness of their bond. The child was removed from the mother's care at nine months of age and was one and a half at the time of termination. The mother loves the child, but she has failed to show that she and the child are so closely bonded that termination would be detrimental to the child. Affection alone cannot provide the care, protection, and nurturance that this child needs and deserves. Moreover, the mother's inability to meet the child's needs poses a real threat to the child's health. Under the circumstances, termination is necessary.

We affirm the termination of the mother's parental rights.

**II. Father's Appeal.**

The father does not challenge the grounds for termination but contends that the child's interests are best served by delaying permanency for another six months. Under Iowa Code section 232.104(2)(b), the court may allow continue permanency if doing so will eliminate the need for the child's removal. But the juvenile court declined to apply this provision, stating it was "not convinced that,

following eight months of failure to make the significant improvements necessary for the return of their child, additional time will make it more likely that the couple will suddenly decide to make the necessary changes." It found that "consistent and permanent physical, medical, and mental health concerns prohibit the ability of the couple to move forward toward caring for their child." Because we concur with this finding, the father is not entitled to additional time to prove himself as a parent.

We also note that the legislature "has established a limited time frame for parents to demonstrate their ability to be parents." *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute."); *In re C.D.*, 508 N.W.2d 97, 99 (Iowa Ct. App. 1993) ("Time is of the essence in dealing with children's issues."). As we have often said, children are not equipped with pause buttons. *See In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). On the record before us, we agree that no additional time is warranted.

We affirm the termination of the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**