# IN THE COURT OF APPEALS OF IOWA

No. 22-0867
Filed August 17, 2022


**IN THE INTEREST OF C.M., E.B., A.R., X.M., and D.M.,**
**Minor Children,**

**A.M., Mother,**
    Appellant.
_____


Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**


Joseph P. Goedken of Orsborn, Mitchell, Goedken & Larson, P.C. Ottumwa, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Sam K. Erhardt, Ottumwa, attorney and guardian ad litem for minor children.


Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

A mother appeals the termination of her parental rights to five children, born between 2013 and 2019.[1]  We review each of her claims de novo.  *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

The mother first argues the Iowa Department of Human Services "did not provide reasonable efforts in order to prevent termination of parental rights" because her motion for a new caseworker was denied.  In support of the motion, the mother's therapist testified that "since day one, [the mother] has stated that she is triggered by her caseworker."  But the mother did not file the motion until December 2021, shortly before the termination hearing.  This was after more than one year of the caseworker's involvement with the family and roughly two months after the department recommended termination.

The problem with the mother's belated request is that a parent's challenge to services should be when they are offered.  *See In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993); *see also In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002) (stating that if a parent is not satisfied with the department's response to a request for services, "the parent must come to the court and present this challenge").  Waiting until the possibility of termination rears its head, after services have failed to remedy a parent's deficiencies, is too late.  *See, e.g.*, *In re C.W.*, 522 N.W.2d 113, 117 (Iowa Ct. App. 1994).  So we agree with the State that the mothers'

---

[1] The petitions for termination of parental rights among the children were filed in December 2021 and January 2022.  The mother's rights were terminated under Iowa Code section 232.116(1)(d) and (e) (2021) as to all five children; paragraph (f) as to as to C.M., A.R., and A.B.; and paragraph (h) as to D.M. and X.M.  The termination petition against C.M.'s father was dismissed, and the parental rights of all other fathers were terminated.  No father appeals.

request came too late to preserve error on this issue. In any event, our focus is on the services provided and the mother's response, not on those services the mother now claims were inadequate. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Throughout the proceedings, the complained-of caseworker provided the mother with a cornucopia of services aimed at reunification, but she was largely unresponsive to those services. The mother's failure to meaningfully avail herself of these services defeats her reasonable-efforts challenge. *See In re C.P.*, No. 18-1536, 2018 WL 6131242, at *3 (Iowa Ct. App. Nov. 21, 2018).

Next, the mother asserts termination of her parental rights is contrary to the children's best interests. But her argument on this point just rehashes her complaint about the caseworker, which we have already disposed of, and has nothing to do with the children's best interests. The mother makes no argument about the children's safety; the best placement for furthering their long-term nurturing and growth; or their physical, mental, and emotional condition and needs. *See* Iowa Code § 232.116(2). It is not our role to formulate an argument on the mother's behalf, so we decline to do so. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairlyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this [issue] would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

We affirm the termination of the mother's parental rights.

**AFFIRMED.**