## IN THE COURT OF APPEALS OF IOWA

No. 16-1268
Filed October 12, 2016

**IN THE INTEREST OF D.S.,**
**Minor Child,**

**C.V., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A father appeals the order terminating his parental rights. **AFFIRMED.**

Nicholas A. Bailey of Bailey Law Firm, P.L.C.C., Altoona, for appellant father.

Thomas J. Miller, Attorney General, and Jonathan D. Noble and Janet L. Hoffman, Assistant Attorneys General, for appellee State.

Meegan M. Langmaid-Keller of Kellar Law Office, P.C. , Altoona, for minor child.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A father appeals the order terminating his parental rights.[1]  We find the father has not preserved error on the issues of sufficiency of the evidence and the State's reasonable efforts.  We also find termination is in the best interests of the child.  Accordingly, we affirm.

## I.  Background Facts & Proceedings

D.S. was born premature in October 2015 and immediately removed from the care of the mother, a quadriplegic living in a nursing home where the child would not be allowed to reside, and the father, who has significant substance abuse issues and who had been charged with dependent adult abuse against the mother.  As a result, D.S. was placed with the paternal grandmother.

The juvenile court adjudicated D.S. a child in need of assistance (CINA) at the end of October due to the father's history of methamphetamine use, founded reports of failure to care for the mother, and abuse of the mother's medications.  The father was required to obtain substance-abuse and mental health evaluations, participate in supervised visits, attend parenting classes, comply with random drug testing, and follow the recommendations of the evaluations and family services.

The father's mental health evaluation included previous diagnoses of OCD[2], ADHD[3], and bipolar disorder.  Recommended treatment included individual therapy and medication management.  The father completed

---

[1] The mother separately appealed but her appeal was denied as untimely.  Therefore, we will only address the termination in regards to the father.
[2] Obsessive Compulsive Disorder
[3] Attention Deficit Hyperactivity Disorder

medication management but never attended therapy. He also completed a substance abuse evaluation, but did not complete treatment due to poor attendance. The father never completed parenting classes, again failing to attend sessions or make contact with his parent partner. He did not fully comply with random drug testing and tested positive during the evaluation period. His only significant period of sobriety was during his incarceration.

The father was arrested in March 2016 and charged with dependent adult abuse for failure to care for the child's mother. He pled guilty and was sentenced to ten years in prison with no mandatory minimum.

On June 23, 2016, the juvenile court entered an order terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), (*l*) (2015). The father now appeals.

## II. Standard of Review

The standard of review for termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). There must be clear and convincing evidence in order to establish grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Clear and convincing evidence means there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). Our paramount concern in all termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Preservation of Errors

The State claims the father failed to preserve all his claims by not offering any evidence at the termination hearing and failing to cross-examine the

witnesses on issues other than the mother's ability to care for the child. We find the father failed to preserve the issues of sufficiency of the evidence and the State's provision of reasonable efforts.[4]

### A. Sufficiency of the Evidence

"As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal." *In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994). The father made no motions on this point prior to the termination nor did the father testify, offer exhibits, object, or cross examine witnesses regarding the sufficiency of the evidence at the termination hearing. Therefore, we will not consider this issue.

### B. Reasonable Efforts

The father briefly mentions reasonable efforts for reunification were not made by the State. Parents are required to challenge the reasonableness of the services and efforts of the State prior to the termination hearing. *See In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993). Juvenile court orders dated October 6, October 16, October 30, and December 17, 2015 make general findings that reasonable efforts were made by the State. The father never challenged the reasonableness of the efforts until this appeal. Any challenge to the case plan must be made before the termination hearing. *Id.* Therefore, we will not consider this issue.

---

[4] Even if these issues had been properly preserved our opinion would remain unchanged.

### C.  Additional Time

The father claims the juvenile court erred in not continuing the case for six months to allow him to work towards reunification with the child.  We are unconvinced the grounds for D.S.'s removal would be resolved if an additional six months were granted.  The father has consistently shown an inability to care for himself, let alone the child.  Ample services were provided, which he failed to use.  Except when incarcerated, the father has failed to maintain sobriety and failed to make use of addiction services available to him.  He claims he may be paroled on the remainder of his ten-year sentence at any time.  There is little evidence, outside his statement, that parole is imminent.  Even if parole were imminent, the father does not have the skills or motivation to parent this child.

## IV. Best Interests of the Child

The father claims termination is not in the best interests of the child.  He claims "[d]uring visitations both parents were appropriate and showed adequate parenting skills" and that D.S. is closely bonded with the father.  However, the juvenile court found "[h]is visits have been 'off and on' . . . he has not made a genuine effort to complete the responsibilities prescribed in the case plan . . . he has not made a genuine effort to communicate with the child or maintain a place of importance in the child's life."  Again, the father is currently serving a ten-year prison sentence for dependent adult abuse.  The father also struggled with substance abuse issues up to the time of his incarceration, including taking medication from the mother and chewing her pain medication patches.  When confronted about this abuse of the mother's medications he "trashed the property."

We find it is clearly in the best interests of the child for the father's parental rights to be terminated. The child is still young and unaffected by the father's inability to care for himself, his wife, and the child. It is in D.S.'s best interests to find a stable living situation as soon as possible. We refuse to ask the child to wait for a parent to become stable, especially when past behavior indicates they are unwilling and unable to change. *See D.W.*, 791 N.W.2d at 707.

**AFFIRMED.**