# IN THE COURT OF APPEALS OF IOWA

No. 17-0400
Filed June 21, 2017

**IN THE INTEREST OF B.B., C.B., and D.B.**
**Minor Child,**

**D.A., Mother,**
      Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.


        A mother appeals the juvenile court decision terminating her parental

rights. **AFFIRMED.**



        Sarah E. Dewein of Cunningham & Kelso, P.L.L.C, Urbandale, for

appellant.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

        Michael R. Sorci of Youth Law Center, Des Moines, guardian ad litem for

minor children.



        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights to three of her five children.[1]  We find there is sufficient evidence to support termination of the mother's rights pursuant to Iowa Code section 232.116(1)(d) (2016).  We also find termination is in the best interests of the children, no additional time should be granted, and no exceptions apply to preclude termination.  Accordingly, we affirm the juvenile court.

## I.    Background Facts and Proceedings

The three children involved in this appeal came to the attention of the Iowa Department of Human Services (DHS) July 14, 2015, due to reports of the mother's substance abuse and her husband's, the father of some of the children, incarceration.  Removal was ordered three days later and the children were placed with their maternal grandmother.

Prior to removal the family often moved, sometimes staying in motels. The children were repeatedly exposed to the parents' use of methamphetamine and marijuana.  The children also reported the parents would watch pornography and have sex while the children were in the room.  Additionally, the father was violent, the mother was unable to protect the children from the father, and the mother struck the children.

When the children were removed, the mother was homeless.  During much of the underlying child in need of assistance (CINA) proceedings, the mother was unable to be located.  The mother had substance abuse issues but did not complete treatment.  The mother diagnosed herself with depression but

---

[1] The children's fathers take no part in the appeal.

she took no steps to address her mental-health concerns. Occasionally, the mother would shower at the grandmother's home but participated in no other visitation nor did she show an interest in the children's therapy.

The mother now claims she is employed part-time and has stable housing, but at the time of the termination hearing, DHS had been unable to verify her claims. At the time of the termination hearing DHS also had concerns about abusive behavior between the mother and her paramour. The mother claims DHS was unresponsive and did not properly support her attempts to improve herself.

The termination hearing was held September 15, 2016, and the mother's parental rights were terminated March 13, 2017. The mother now appeals.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The mother claims there is insufficient evidence in the record to support termination of her parental rights. Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate

under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We find the mother's rights were properly terminated under section 232.116(1)(d), which provides:

> The court finds that both of the following have occurred:
> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

The mother only claims she was not offered reasonable services by DHS. Parents are required to challenge the reasonableness of the services and efforts of the State prior to the termination hearing. *See In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993). The record reveals the only request for services by the mother was for more options for substance abuse treatment. DHS offered the mother reasonable substance-abuse treatment options, and, like other services offered to her, the mother did not take advantage of the opportunities for support and change. We find the mother failed to preserve error on this issue.[2]

## IV.    Best Interests, Family Placement, and Additional Time

The mother also claims termination was not in the best interests of the children as the children are currently placed with their maternal grandmother and the mother has maintained sobriety and improved her parenting skills after the

---

[2] Even if this issue had been properly preserved our opinion would remain unchanged.

termination hearing.  The mother claims the children have witnessed her "doing well" and informing them her rights have been terminated may be traumatic.  She claims her rights should not be terminated or she should at least be given an extension to prove her ability to maintain sobriety, housing, employment, and proper parenting.

The maternal grandmother is a licensed foster parent.  She has overcome financial and housing barriers to be able to care for the children the mother would not parent.  The mother is correct in noting the grandmother is capable of providing supervision of the children's interactions with their mother.  However, this should not continue to be required of her, nor should further instability and uncertainty be required of the children.  Any emotional bond severed by the termination will be more than compensated for by the stability, care, and certainty provided to the children by terminating the mother's parental rights.

The juvenile court may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown.  "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship."  *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).  We find the juvenile court properly applied its discretion in refusing to maintain the parental relationship simply because the children were in the care of their grandmother.

Finally, we find the mother does not deserve an extension of time to work toward reunification.  These children cannot not be expected to continue their lives in uncertainty in the hope their mother is able to become minimally

acceptable as a parent. *See D.W.*, 791 N.W.2d at 707. The best indication of future performance is past behavior, and the mother has continually proven she is not capable of the responsibility of parenting. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997).

**AFFIRMED.**