**IN THE COURT OF APPEALS OF IOWA**

No. 17-1688
Filed March 7, 2018

**IN THE INTEREST OF R.W.,**
**Minor Child,**

**K.W., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.


　　A mother appeals the juvenile court order terminating her paternal rights.

**AFFIRMED.**


　　Martha L. Cox, Bettendorf, for appellant mother.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　Jean Capdevila, Davenport, guardian ad litem for minor child.


　　Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights pursuant to Iowa Code section 232.116(1)(e), (f), (g), and (i) (2017). We find reasonable efforts were provided, the evidence was sufficient to terminate her parental rights, no exceptions should be applied, and termination is in the best interests of the child. We affirm.

## I. Background Facts and Proceedings

The mother previously appealed a juvenile court order terminating her parental rights. Our court reversed the termination, holding "the time limitation on the termination hearing violated the mother's due-process right to a fair hearing. We therefore reverse and remand for a new termination hearing before a different judge." *In re R.W.*, No. 16-1856, 2017 WL 1278365, at *3 (Iowa Ct. App. Apr. 5, 2017). Our court found the following facts:

> R.W. was born in 2012. In September 2015, the mother was found unresponsive in a parking lot and did not know where then two-year-old R.W. was or who was caring for him. R.W. was later located in a hotel room being cared for by a thirteen-year-old girl. The mother tested positive for cocaine. R.W. was removed following the incident. The mother has longstanding substance-abuse and mental-health issues that previously led to the termination of her parental rights to three other children.
>
> Notwithstanding the concerning start to the child-in-need-of-assistance (CINA) case, the mother made progress during its pendency and was exercising visitation up to the day of the termination hearing. After R.W.'s removal, the mother began complying with services provided by the department of human services (DHS) and participating in substance-abuse treatment and mental-health counseling. Concerns remained, including the mother's refusal to internalize her substance-abuse problem, the one-time discovery of alcoholic beverages in the mother's home, and the mother's association with a known sex offender.
>
> The district court entered a permanency order on May 21, 2016, granting the mother three additional months to seek reunification. The termination petition was filed on July 13, 2016.

The mother filed a motion to dismiss or, alternatively, to continue the termination hearing on August 4, 2016. The termination hearing was held August 24, 2016. The district court imposed a two-hour time limit on the termination hearing. The court entered the termination order on October 17, 2016, terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(f), (h), and (*l*) (2016), and placing R.W. in the care of his paternal aunt as the child's guardian.

*Id.* at *1.

After our court reversed the juvenile court's termination, the mother canceled her parenting skills development sessions. The sessions have never been restarted. At the time of termination, the mother was still in a relationship with and in the process of buying a home with a register sex offender. The mother has made no further progress in dealing with her substance-abuse issues and refused to participate in drug testing. The mother also refused to sign releases for her mental-health and substance-abuse treatment information.

A termination hearing was held July 10 and 11, 2017. The juvenile court entered an order terminating the mother's parental rights September 22. The mother now appeals.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount

concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Reasonable Efforts

The mother claims the State did not make reasonable efforts to avoid termination. Prior to the termination of parental rights, reasonable efforts to reunite the parent and child are required to be made by the State. *In re T.C.*, 522 N.W.2d 106, 108 (Iowa Ct. App. 1994). However, if the parents are dissatisfied with the services, the parents are required to challenge the reasonableness of the services and efforts of the State prior to the termination hearing. *See In re C.D.*, 508 N.W.2d 97, 101 (Iowa Ct. App. 1993).

The mother specifically claims she was not allowed to recommence visitation after the previous termination order was reversed. She states she "requested visitation at the hearing on July 10 and 11, 2017. [She also] requested visitation through the service provider during her sessions." The mother's statement makes it clear she did not request additional services from the court prior to the termination hearing. *Id.* We find the mother did not properly preserve this issue for appellate review.

## IV. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(f).

The mother only claims the district court erred by finding R.W. could not be returned to her care at the time of the termination hearing. However, in its order terminating the mother's parental rights, the juvenile court noted several continuing concerns for the safety of the child. First, continuing concerns regarding substance abuse. Although the mother participated in and completed substance-abuse treatment, the mother had several positive drug tests and did not consent to other tests. Second, the mother has unresolved mental-health issues. The mother participated in a mental-health evaluation and therapy but did not disclose her substance-abuse issues to her therapist. Finally, the fact the mother's current paramour is a registered sex offender who has previously abused children causes concern for the safety of R.W. The mother is now buying a house with this person.

We find the evidence was sufficient to find R.W. could not be safely returned to the mother at the time of the termination hearing.

## V. Exceptions

The mother claims the termination of her parental rights should have been precluded as a relative has legal custody of the child. The juvenile court may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

The mother has failed to address many concerns related to R.W.'s safety, stability, and security. Her pattern of refusing to address these issues indicates

she is unlikely to address these issues in the future. We find the juvenile court properly declined to apply the exception. R.W. will benefit from the long-term certainty secured by terminating the mother's rights.

## VI. Best Interests

The mother finally claims termination is not in the best interests of R.W. After finding a ground for termination exists we are to "consider the factors under section 232.116(2). Section 232.116(2) requires us to give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal quotation marks and citations omitted).

We find the child's best interests are served by termination. The mother has been unable to make sufficient progress throughout the life of the case even after the court granted her additional time to work toward reunification. The mother has been unable to address mental-health and substance-abuse issues that have plagued her. She believes she has surrounded herself with "quite a decent group of people" even while in a relationship with a registered sex offender. The mother's inability to progress shows she is unlikely to ever become capable. R.W.'s best interests will be served by terminating the mother's parental rights.

**AFFRIMED.**